```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

VANESSA COKER-CHAPPELLE,          )
                                  ) Civil Action
            Plaintiff             ) No. 12-cv-03938
                                  )
     vs.                          )
                                  )
CAROLYN W. COLVIN[1],             )
 Acting Commissioner of the       )
 Social Security Administration   )
                                  )
            Defendant             )
                                  )
     and                          )
                                  )
SOCIAL SECURITY ADMINISTRATION    )
                                  )
            Interested Party      )

## O R D E R

NOW, this 19th day of May, 2014, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief was filed November 5, 2012; upon consideration of Defendant's Response to Request for Review of Plaintiff, which response was filed December 7, 2012; upon consideration of Plaintiff's Reply Brief, which reply brief was filed January 8, 2013; upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice filed January 13, 2014; upon consideration of Plaintiff's Objections to Magistrate Judge's Report and Recommendation, which objections were filed January 30,

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted as the defendant in this suit for the former Commissioner, Michael J. Astrue, whom she replaced. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2014; upon consideration of Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, which response was filed February 11, 2014; upon consideration of plaintiff's Complaint filed July 16, 2012, and, defendant's Answer filed September 20, 2012 and after a thorough de novo review of the record in this matter; it appearing that plaintiff's objections to Magistrate Judge Rice's Report and Recommendation are essentially a restatement of the issues raised in her request for review and reply brief, and are without merit; it appearing that Magistrate Judge Rice's Report and Recommendation correctly determined the legal issues presented in this case,

<u>IT IS ORDERED</u> that Magistrate Judge Rice's Report and Recommendation is approved and adopted.[2]

---

[2]  The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994).  However, the district court must review de novo those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(c).  The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As more fully discussed below, I approve and adopt Magistrate Judge Rice's Report and Recommendation and overrule plaintiff's objections to the Report and Recommendation.

-3-

      <u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner of Social Security is affirmed.

      <u>IT IS FURTHER ORDERED</u> that plaintiff's objections to the Report and Recommendation of Magistrate Judge Rice are overruled.[3]

---

    [3] Plaintiff's objections to Magistrate Judge Rice's Report and Recommendation ("R&R") merely restate the underlying claims contained in her request for review.  Moreover, upon review of the Report and Recommendation, together with de novo review of the entire record, I conclude that the R&R correctly determines the legal and factual issues raised by plaintiff.

    Plaintiff objects to the R&R on two bases.  First, plaintiff contends that the Administrative Law Judge ("ALJ") committed reversible error by improperly rejecting the well-supported opinion of plaintiff's treating physician, Dr. Rapeepat Lekkham.  Plaintiff contends that Magistrate Judge Rice's R&R adopts different reasoning than the ALJ to find that the ALJ's decision was supported by substantial evidence.

    However, the ALJ's decision was supported by substantial evidence and the ALJ provided sufficient explanation for her decision to give little weight to the opinion of Dr. Lekkham.  Specifically, as noted by Magistrate Judge Rice's R&R, the ALJ gave little weight to Dr. Lekkham's opinion because (1) it was based on Ms. Coker-Chappelle's subjective complaints; (2) no medical observations were provided in support of the opinion; (3) Dr. Lekkham provided no supporting documentary evidence; (4) the record did not require the degree of limitation Dr. Lekkham assessed; (5) Dr. Lekkham assessed Ms. Coker-Chappelle before her neck surgery; (6) Dr. Lekkham's opinion contradicted post-surgery medical records.  <u>See</u> R&R at page 8; <u>see also</u> Administrative Record 245-246.

    Accordingly, the ALJ's decision to give little weight to the opinion of Dr. Lekkham is supported by substantial evidence.  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999).

    Next, plaintiff objects to the ALJ's reliance on a hypothetical question posed to a vocational expert which did not include the limitations assessed by Dr. Lekkham, and contends that Magistrate Judge Rice's R&R did not adequately address the ALJ's reasoning.

    However, the ALJ was aware of Dr. Lekkham's assessed limitations, and was justified in not including his proposed limitations in the ALJ's hypothetical to the vocational expert because the ALJ decided to give little

(<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that plaintiff's request for review is denied.

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Carolyn W. Colvin and against plaintiff Vanessa Coker-Chappelle.

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

weight to the opinion of Dr. Lekkham.  See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  As discussed above, this determination was supported by substantial evidence.

Accordingly, I approve and adopt Magistrate Judge Rice's Report and Recommendation and overrule plaintiff's objections to it.

-4-